LULU B. RUMANN, Respondent, v. SARAH E. MONTFORT, et al., Appellants.

Kansas City Court of Appeals, February 3, 1913.

1. NEGLIGENCE: Boarding House: Guest: One Management: Two Houses. Two persons conducted a boarding house which adjoined and was attached to another house by the side owned by one of them. The houses adjoined and were attached; a common porch ran in front. A register of guests, a dining room and a parlor in one was used in common for both houses, and one of the persons collected from the guests in either house. The halls and public places in each were used in common. The evidence tended to show that the two were conducted as one establishment. A woman guest took board and a room in one of the houses. In a few days she went to visit a friend rooming in the other house and remained until nearly dark. As she started to leave she asked for the toilet room and was directed to go down to the lower end of a hallway. She went, and finding a door ajar, supposing it led into the toilet, she pushed it open thinking to step inside and turn on the electric light. Instead, she fell headlong in the dark onto a steep stairway into the cellar, and was injured. It was *held* that the boarding house keepers were liable.

2. ———: Innkeepers: Duty: Premises. Keepers of a public inn are considered as inviting guests to their premises and it is their duty to keep their premises reasonably safe for the use of their guests, a failure in which is negligence.

3. ———: ———: ———: Pleading: Instruction. An instruction for plaintiff must not depart from the issues tendered in the petition; but it need not use the language of the pleading. It is sufficient if it submits, in practical effect, the same facts, with certainty.

Appeal from Clay Circuit Court—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Martin E. Lawson* and *Craven & Moore* for appellants.

*E. N. Powell, T. C. Sparks* and *Ralph Hughes*, for respondent.

ELLISON, P. J.—Plaintiff alleges that she suffered personal injury through the negligence of defendants, and her action is for damages on account thereof. She recovered judgment in the circuit court.

It appears that the two defendants, who are sisters, conduct a boarding and rooming house at Excelsior Springs, and that adjoining and annexed thereto is a rooming house conducted by one of them. Plaintiff claims, and there was evidence tending to show, that one of the houses was numbered 206 and the other 214, and to all appearances the two were run as one, under one control. That they were connected by a common porch and were used in common by the occupants of each. The guests of both registered on a common register in 206, and one of defendants had active management of both, assigning guests and collecting charges. The common porch was used by guests of each and there was but one parlor and one dining room and they were used in common.

Number 214 was known as the "annex." Each had a toilet room.

On September 14, 1910, plaintiff became a guest in No. 206, and on September 23 she was invited for a social call in the annex. She remained until after six o'clock and it began to grow dark. As she started to return to her own apartment she asked the housekeeper to direct her to the toilet room, and was told that it was at the side door in the back of the hall. She started there and came to a side door which appeared to be the one designated. The door was ajar and she thought it was the bath and toilet room. She pushed the door open, it was dark, and she thought she would step in and turn on the electric light. As she expressed it on the witness stand, she took the step into space. The door, instead of being the entrance to the bath room, led onto a stairway descending into the basement. There was no platform space inside, so that one unacquainted would likely plunge headlong down to the bottom at the first step.

Conceding defendants to have been in charge of that part of the building known as No. 214, we have no hesitation in saying that it was a question for the jury whether they were guilty of negligence in allowing the hallway leading both to the toilet and basement to be constructed and kept in the manner shown.

But defendants, in effect, say that they did not owe a duty to plaintiff, since she was not a guest of No. 214, and that where there is no duty there cannot be negligence. We think, however, that there was evidence tending to show that the buildings were being conducted by defendants as one boarding house, under one management, with right of the guests to the use of all the public parts of each in common.

Defendant's chief objection is to the instructions given for plaintiff. It is said that the instructions permit a recovery on a theory not set up in the petition in that the petition set up a right to recover because

plaintiff was a guest, while the instructions author-
ized a recovery if she "believed" she was a guest.
Now of course there cannot be a recovery on any
theory not set out in the petition. But an instruc-
tion need not be couched in the same language of the
pleader. If they are the same in legal intendment,—
if they mean the same thing,—if they convey to the
mind the same fact,—they are in harmony. The in-
struction was fashioned to meet the nature of the
evidence which had been properly admitted under
the petition. That is, if defendants led plaintiff to
believe it was all one place and that all public parts
thereof were for the use of all the guests, then she
was a guest in the use of such parts.

It is a part of defendants' insistence that the in-
struction also departed from the petition in submit-
ting a characer of duty owing to plaintiff in "keep-
ing the hall and passways reasonably safe for plain-
tiff's use thereof," when the petition charged negli-
gence in keeping a hallway with a door leading im-
mediately onto a dark and deep stairway to the base-
ment. While the instruction does use the language
quoted, it proceeds immediately to submit the mat-
ter pleaded as to plaintiff's use of the hall and of
her stepping through the doorway out of the hall
onto the steps.

There were some other criticisms of the instruc-
tions, but they are thought to be unsubstantial. Cer-
tain it is the jury, considered as reasonable men,
could not have been misled as to the issues in the
case.

Defendants, as keepers of a public inn, must be
considered as inviting plaintiff to their premises to
use in the way such places are customarily used by
guests, and it was their duty to keep the premises
reasonably safe for such use, a breach of which would
be negligence. [Hollis v. Merchants Ass'n, 205 Mo.
508, 520; Glaser v. Rothschild, 221 Mo. l. c. 193, 194;

O'Donnell v. Patton, 117 Mo. l. c. 18, 19; Shaw v. Goldman, 116 Mo. App. l. c. 338] We do not think cases cited us by defendants, including Reynolds v. St. Louis Southwestern Railway, 162 Mo. App. 618, are applicable to the facts of this case.

We think there is no just ground for charging plaintiff to have been guilty of contributory negligence as a matter of law. On the whole record we are satisfied no reason exists justifying an interference with the judgment and it is accordingly affirmed.

*Johnson J., concurs. Trimble J.* having tried the case while judge of the circuit court, not sitting.